# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DENNIS M.,[1]

      Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner Of Social Security,

      Defendant.

NO. EDCV 17-1831-KS

MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Plaintiff filed a Complaint on September 8, 2017, seeking review of the denial of his application for a period of disability, disability insurance benefits ("DIB") under Title II of the Social Security Act, and supplemental security income ("SSI"). (Dkt. No. 1.) On November 3, 2017, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 12, 13.) On July 25, 2018, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No. 23.) Plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

alternative, remanding for further proceedings. (Joint Stip. at 18.) The Commissioner maintains that the ALJ's decision is free of legal error and requests that the ALJ's decision be affirmed or, in the alternative, remanded "to the agency for additional investigation or explanation." (*Id.* at 19 (internal citation omitted).) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On October 18, 2013, Plaintiff filed concurrent applications for DIB and SSI under the Social Security Act Titles II and XVI, alleging disability commencing January 11, 2010. (Administrative Record ("AR") at 196-212.) The Commissioner denied his claim initially on January 24, 2014 (AR 122-126), and on reconsideration on April 22, 2014 (AR 130-135). On April 29, 2014, Plaintiff filed a written request for a hearing. (AR 136.) On May 5, 2016, Administrative Law Judge Janice E. Shave held a hearing. (AR 36-73.) At the hearing, Plaintiff, represented by counsel, testified, along with Vocational Expert ("VE") Jackie Benson-Duhaine, and Medical Expert ("ME"), Patrick McCaffery. (AR 36-73.) On May 24, 2016, the ALJ issued an unfavorable decision. (AR 18-35.) On June 17, 2016, Plaintiff requested Appeals Council review of the ALJ's decision. (AR 196.) The Appeals Council denied review on July 10, 2017. (AR 1-8.) This timely appeal followed.

## SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step evaluation process, the ALJ first found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2014 and had not engaged in substantial gainful activity since January 11, 2010, the alleged onset date. (AR 23.) Next, the ALJ found that Plaintiff had the following severe impairments: vision loss in the left eye, high myopia and astigmatism in the right eye, nystagmus in the left eye, artificial right eye, and unexplained left-sided headaches. (*Id.*) The ALJ concluded that

2

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926), including Listings 1.02 and 1.04. (AR 24.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform medium work . . . except he can never climb ladders, ropes or scaffolds, but he can frequently climb ramps and stairs. He can frequently balance at ground level, stoop, kneel, crouch and crawl. He is unable to drive for work; he must avoid all exposure to eye irritants, such as dusts and gases. He must avoid all exposure to chemicals, unprotected heights, and hazardous machinery due to vision safety. He must avoid even moderate exposure to flickering lights, such as fluorescent light as the sole source of lighting. [Plaintiff] has monocular vision and is incapable of jobs requiring bilateral depth perception, but he does have unilateral depth perception. He is unable to engage in nighttime vision and must be permitted to wear safety glasses at all times during the workday, and sunglasses when exposed to bright light. He is able to assemble parts 1-inch or larger and viewing computer screens 9-point font or larger, but he must be permitted to increase the font size to 12-point font as needed.

(AR 24.)

The ALJ determined that Plaintiff was not able to perform his past relevant work as a security guard, recycler, line installer, and pump man. (AR 28.) However, relying on the VE's testimony, the ALJ concluded that considering Plaintiff's age,[2] education, work experience and RFC, there are jobs that exist in significant numbers in the national economy

---

[2] Plaintiff, who was born on July 18, 1969, was 40 years old on the alleged disability onset date. (AR 28). He was classified as a "younger individual age 18-49" under Agency guidelines. (*See id*; also 20 CFR 404.1563 and 416.963.)

that Plaintiff can perform, including the representative occupations of patient transporter (DOT[3] 355.677-014), a medium exertional level (SVP[4] 2) occupation; dining room attendant (DOT 311.677-018) a medium exertional level (SVP 2) occupation; and hospital cleaner (DOT 323.687-010), also a medium exertional level (SVP 2) occupation. (AR 29.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset through the date of the ALJ's decision. (AR 30.)

## DISPUTED ISSUE

Plaintiff presents a single disputed issue relating to the ALJ's determination at step five: Whether the ALJ properly considered the visual impairment in assessing residual function capacity. (Joint Stip. at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

---

[3] "DOT" refers to the *Dictionary of Occupational Titles* (U.S. Department of Labor, 1991).
[4] "SVP" refers to Specific Vocational Preparation, as defined in Appendix C of the DOT.

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

**DISCUSSION**

I. **The Parties' Contentions**

In challenging the Commissioner's adverse decision, Plaintiff argues that two of the three occupations the ALJ determined Plaintiff could perform with his severe visual impairments – patient transporter and hospital cleaner – have "visual requirements which exceed [Plaintiff's] visual ability." (Joint Stip. at 6.) Specifically, Plaintiff argues that the Commissioner takes notice of the DOT and the "DOT points to the *Selected Characteristics of Occupations* (SCO) to understand the terms used by the DOT and its companions." (*Id.*)

Plaintiff contends that the ALJ failed to "independently assess the presence of a conflict" between the VE's testimony and the DOT, as well as its companion publications, including SCO. (Joint Stip. at 6.) Plaintiff maintains that he "does not possess the near acuity required for the patient transporter" position because the DOT for this occupation requires "occasional" near acuity and the SCO defines "near acuity" as "Clarity of vision at 20 inches or less." (*Id.* at 7 (citing SCO Appendix C-4 at 15).) In addition, Plaintiff points to the DOT description of the patient transporter job as requiring, among other things, "following written or oral instructions." (Joint Stip. at 7.) With respect to the dining room attendant position, Plaintiff argues he does not have the far acuity required for the position based on the SCO's definition of "far acuity."

As to the third occupation the ALJ identified as suitable for Plaintiff based on his RFC – hospital cleaner – Plaintiff argues that because he cannot be exposed to fluorescent lighting, "this precludes his ability to perform that job." Further, Plaintiff maintains that "[c]leaning specifications in hospitals would certainly require some reading of directions with small print and cleaning or spotting items to clean that are smaller than an inch in diameter and exposure to chemicals." (Joint Stip. at 9.) Plaintiff points out that while the DOT description did not include "caustic chemicals" in the job description, it does indicate "that he would be dealing with germicides and sterilizing equipment." (*Id.*) In sum, according to Plaintiff, the ALJ failed to "properly address the visual limitations" and relied on VE testimony that "contains unexplained deviation from the DOT." (Joint Stip. at 11.) Plaintiff seeks reversal and remand "for proper consideration of [Plaintiff's] visual limitations which preclude his ability to perform all three positions." (*Id.*)

Defendant responds that the ALJ's decision is supported by substantial evidence and free of legal error. Further, Defendant argues that Plaintiff fails to identify actual legal error in the ALJ's decision making process, but challenges the ALJ's determination of available alternative occupations "largely based on speculation about the jobs the [VE] identified."

(Joint Stip. at 12.) For the reasons discussed below, the Court agrees with Defendant and concludes the ALJ's decision is free of material legal error and must, on that basis, be affirmed.

## II. Applicable Law

At step five of the evaluative process, the ALJ must "identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *and see* 20 C.F.R. §§ 404.1520(g), 404.1566(a), 416.920(g), 416.966(a). In doing so, the ALJ is entitled to rely on the DOT's description of the requirements for each listed occupation and on VE testimony about the specific occupations that the plaintiff can perform. *See Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of a VE constitutes substantial evidence). These are designated sources of "reliable job information." *See* 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ may rely on "any reliable job information," including the testimony of a VE); *Johnson*, 60 F.3d at 1435.

When there is an apparent conflict between the VE's testimony and the DOT, the ALJ is required to resolve the inconsistency. *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The ALJ must first determine whether a conflict exists. *Id.* at 1453. If it does, the ALJ must then ask the VE to explain the conflict and "determine whether the [VE's] explanation for the conflict if reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.* An ALJ's failure to resolve any apparent inconsistency can prevent the Court from determining whether the ALJ's decision is supported by substantial evidence. *Id.* at 1154.

\\
\\

7

## III. The ALJ Did Not Err At Step Five

### A. The Hearing Testimony

At the hearing, the ME, Dr. McCaffery, testified that, based his review of the medical records, Plaintiff had 20 over 60 visual acuity in his left eye but noted that it fluctuates between 20/60 and 20/80. (AR 46, 53; *see also* AR 318, Ex. 1F, 4.) The ALJ also questioned Plaintiff about how his visual limitations affect his daily activities. (AR 62.) Plaintiff stated that he has to sit very close to a computer screen to see adequately and this gives him a headache. (*Id.*) He also testified that although he has glasses that correct of reading, he doesn't use the bifocal because "it just don't seem to get along with [his] eye." (*Id.*) When asked if he had ever told his health care provider that he couldn't use the bifocal, Plaintiff said "I never told him anything like that." (*Id.*) When questioned by his own attorney, Plaintiff indicated that he can read "big print" and has trouble reading "almost anything" including road signs, so he doesn't ready "nothing but the big print Bible." (AR 64.) When cooking, he can read instructions or a recipe if he hold[s] the box up close." (*Id.* at 65.)

In posing hypotheticals to the VE, the ALJ accounted for numerous limitations related to Plaintiff's vision. For example, one hypothetical posed by the ALJ stated:

> The individual must avoid all exposure to eye irritants such as dust and gases, and the individual must avoid all exposure to chemicals, unprotected heights and hazardous machinery. This is secondary to vision safety.
> The individual must avoid even moderate exposure to flickering lights such as fluorescent is the sole source. The individual has monocular vision and is not capable of jobs requiring two-eyed depth perception, but does have depth

>perception, one-eyed depth perception which is significantly less – it's not three-D depth perception.
>
>And the individual does not have the ability to engage for work in nighttime vision. An individual must be allowed to wear safety glasses or sunglasses at all times.

(AR 68.) The ALJ's second hypothetical included these same restrictions and additional limitations that "[t]his individual is capable of assembling parts one inch or larger" and needed a 12 point font. (AR 71-72.) The VE replied that the additional limitations did not change the jobs the VE had previously identified as suitable based on Plaintiff's RFC. (*Id*. at 72.)

The VE concluded that all past work was excluded, but other occupations existed in substantial numbers in the national economy that Plaintiff could perform, including dining room attendant and hospital cleaner. (AR 70.) When the ALJ specifically asked if the hospital cleaner was consistent with a limitation to no exposure to chemicals, the ALJ responded that "in the DOT description, in terms of hazards, it does not indicate that there are toxic or caustic chemical hazards present." (*Id*.) When questioned by Plaintiff's attorney about the basis for his opinions, the VE replied, "My opinion is based upon my professional experience, my education, training as well as utilizing the Dictionary of Occupational Titles job descriptions and physical requirements." (AR 72.) Plaintiff's counsel asked no other questions of the VE. (*Id*.)

**B. Plaintiff Has Identified No Conflict Between the VE's Testimony and the DOT**

In order to trigger the ALJ's responsibility to resolve a conflict, a conflict must actually exist between the VE's testimony and the DOT. *See e.g., Dewey v. Colvin*, 650 Fed. Appx 512, 514 (9th Cir. 2016). "For a difference between an expert's testimony and the

[DOT's] listing to be fairly characterized as a conflict, it must be obvious or apparent." *Gutierrez v. Colvin,* 844 F.3d 804, 808 (9th Cir. 2016). Here, there is no obvious or apparent conflict that warrants reversal of the Commissioner's decision.

Plaintiff maintains that there is a conflict with the patient transporter job because Plaintiff does not have "near acuity." Plaintiff alleges that he will be unable to read patient name tags and "cannot see across a dining room." (Joint Stip. at 10.) However, as Defendant correctly points out, the ALJ's RFC did not have any limitation for "near acuity." (*See* Joint Stip. at 13; AR 24.) Moreover, as even Plaintiff notes, the DOT description for the patient transporter job indicates the worker must follow "**written or oral instructions** . . . Delivers messages, mail, medical records, and other items." (Joint Stip. at 7 (citing DOT 355.677-014) (emphasis in original).) Thus, the DOT clearly contemplates that the worker may be given oral instructions that would not call upon on the worker's visual acuity one way or the other. Plaintiff also argues that he does not have the visual acuity to perform the dining room attendant job because he "would not be able to see across the dining room or be able to spot the empty glass, dirty dish, or hand raised for assistance." (Joint Stip. at 8.) However, Plaintiff points to no requirements in the DOT that these specific tasks are essential requirements for a dining room attendant 311.677-018. In suggesting that Plaintiff cannot perform particular tasks that a patient transporter of dining room attendant might encounter, Plaintiff does not identify any specific DOT job requirements that the ALJ overlooked or that created an inconsistency with the VE's testimony that the ALJ should have resolved. Rather, Plaintiff speculates about tasks that could be required in these jobs. Such speculation does not indicate any material legal error in the ALJ's step five analysis.

Plaintiff also alleges that the hospital cleaner job is inconsistent with the RFC. (Joint Stip. at 9.) Plaintiff concedes that for this position the "DOT does not require near or far acuity," but Plaintiff alleges that he *might* be exposed to fluorescent lighting, *might* be required to do "some reading of directions with small print and cleaning or spotting items to

clean that are smaller than an inch in diameter," and *might* be exposed to harsh chemicals. (*Id*.) Here, too, Plaintiff points to no actual conflicting or contradictory requirements in the DOT for this occupation that would suggest a material legal error by the ALJ. Indeed, the ALJ specifically questioned the VE about whether the hospital cleaner job was consistent with the RFC's limitation for exposure to harsh chemicals, and, as noted, the VE replied that the DOT "does not indicate that there are toxic or caustic chemical hazards present." (AR 70.) Accordingly, there was no deviation from the DOT on this issue that warrants reversal.

After a thorough review of the record, the Court finds no inconsistency between the VE's testimony about alternative occupations available in the national economy that Plaintiff can perform based on his RFC and the DOT requirements for those positions. Further, as stated above, the ALJ was entitled to rely on the DOT's description of the requirements for each listed occupation and on VE testimony about particular occupations. *See* 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e); *Zavalin*, 778 F.3d at 845-46; *Osenbrock*, 240 F.3d at 1163. Accordingly, the ALJ's determination at step five is free of legal error and supported by substantial record evidence and, for these reasons, must be affirmed.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is AFFIRMED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and counsel for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 30, 2018

/s/ Karen L. Stevenson
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE